```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH GONZALEZ,                              :

                        Plaintiff,            :
        -against-                             :      **MEMORANDUM AND ORDER**

COMMISSIONER OF SOCIAL SECURITY,              :      19-CV-5980 (KNF)

                        Defendant.            :
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## PROCEDURAL BACKGROUND

Joseph Gonzalez ("Gonzalez") commenced this action against the Commissioner of Social Security (the "Commissioner"), seeking review of an administrative law judge's ("ALJ") June 14, 2018 decision, finding him ineligible for disability insurance benefits, pursuant to Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401-43, and Supplemental Security Income benefits, pursuant to Title XVI of the SSA, 42 U.S.C. §§ 1381-1385.  On July 1, 2020, the Court denied the defendant's motion for judgment on the pleadings and granted the plaintiff's motion for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and the matter was remanded for rehearing.  Docket Entry No. 22.  The Court's July 1, 2020 remand was "based on the merits of Gonzalez's disability claim, namely, the Court's finding that the ALJ committed an error of law and the ALJ's residual functional capacity determination is not supported by substantial evidence, not on the merits of Gonzalez's Appointment Clause challenge pursuant to [Lucia v. S.E.C., __ U.S. __, 138 S. Ct. 2044 (2018)], which Gonzalez represented in his reply need not be addressed if the Court remands on the merits of his disability claim, as is the case here."  On July 2, 2020, the Clerk of Court entered judgment and remanded the matter for rehearing to the Commissioner.

Before the Court is the Commissioner's motion that the Court "alter or amend its Judgment in this case pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 6.3 of the United States District Courts for the Southern and Eastern District of New York." Gonzalez supports, in part, and opposes, in part, the Commissioner's motion.

## COMMISSIONER'S CONTENTIONS

The Commissioner argues that "the Court overlooked controlling regulations and case law permitting ALJs to rely on licensed psychologists in assessing residual function capacity." According to the Commissioner,

> Central to the Court's decision to remand was its interpretation of 20 C.F.R. § 404.1513(a), as in effect from September 3, 2013 to March 26, 2017. That regulation provided, in relevant part: (a) Sources who can provide evidence to establish an impairment. We need evidence from acceptable medical sources to establish whether you have a medically determinable impairment(s). See § 404.1508. Acceptable medical sources are— (1) Licensed physicians (medical or osteopathic doctors); (2) Licensed or certified psychologists. Included are school psychologists, or other licensed or certified individuals with other titles who perform the same function as a school psychologist in a school setting, for purposes of establishing intellectual disability, learning disabilities, and borderline intellectual functioning only; 20 C.F.R. § 404.1513(a) (Mar. 26, 2017). This Court interpreted "for purposes of establishing intellectual disability, learning disabilities, and borderline intellectual functioning only" as applying to psychologists generally, prohibiting them from providing opinions on residual functional capacity, like the one Dr. Phillips provided and on which the ALJ relied. See ECF No. 22 at pp. 10-11.
> 
> As an initial matter, as this Court acknowledged, the version of the regulation at issue, 20 C.F.R. § 404.1513, was in effect only through March 26, 2017, and therefore does not apply to the ALJ's decision in this case, which is dated June 4,[1] 2018. While certain regulations expressly state that they apply to claims (such as Plaintiff's) filed before March 27, 2017, see e.g., 20 C.F.R. § 404.1527, no such language appears in 20 C.F.R. § 404.1513. See also Notice of Proposed Rulemaking, 81 Fed. Reg. 62560, 62578 (Sept. 9, 2016) (summarizing proposed implementation process). Moreover, the current version of 20 C.F.R. § 404.1513, effective March 27, 2017, no longer defines an "acceptable medical source." Instead, the definition of an "acceptable medical source" now appears in the current version of 20 C.F.R. § 404.1502(a). Under this regulation an "acceptable medical

---

[1] The Commissioner's assertion that the ALJ's decision is dated June 4, 2018 is erroneous. The ALJ's decision is dated June 14, 2018. See Docket Entry No. 142-2 (Tr. 27).

source" is defined, in part, as a "Licensed psychologist." 20 C.F.R. § 1502(a)(2). The definition also "includes: (i) A licensed or certified psychologist at the independent practice level." 20 C.F.R. § 404.1502(a)(2)(i). By contrast, a separate subsection, 20 C.F.R. § 404.1502, also defines "acceptable medical source" to include a licensed or certified school psychologist, and it is only this subsection that limits such sources as acceptable for their expertise in intellectual disability, learning disabilities, and borderline intellectual functioning. 20 C.F.R. § 404.1502(a)(2)(ii). Indeed, other agency regulations similarly indicate that an ALJ should consider opinions from licensed or certified psychologists. See e.g., 20 C.F.R. § 404.1513a(b)(1) ("Federal or State agency … psychological consultants are highly qualified and experts in Social Security disability evaluation.").

The Commissioner asserts further:

> Moreover, even in the prior version of 20 C.F.R. § 404.1513(a) [applied], the cited limitation appeared only in the sentence about school psychologists and other school-based professionals and, thus, applied only to them. See 20 C.F.R. § 404.1513(a)(2) (Mar. 26, 2017). Indeed, another section of the same regulation specifically stated that the ALJ would consider agency psychologists' opinions regarding what a claimant can still do, specifying the various mental functions, and further referring to 20 C.F.R. § 404.1545, which is the residual functional capacity regulation. See 20 C.F.R. § 404.1513(c) (Mar. 26, 2017). Other agency regulations and rules in effect at the time similarly indicated that an ALJ must consider agency psychologists' opinions on residual functional capacity. See 20 C.F.R. § 404.1527(e)(2)(i) (Mar. 26, 2017) (agency psychologists are "highly qualified … psychologists" whose findings ALJs must consider as opinion evidence); Social Security Ruling (SSR) 96-6p, 1996 WL 374180, at *4 (S.S.A.) (rescinded Mar. 27, 2017) ("[t]he administrative law judge or Appeals Council must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians or psychologists.").
> The agency's decision to limit opinions from "school psychologists" makes sense when considered in the context of professional licensure and practice rules. For example, in New York, a licensed psychologist must have a doctorate in psychology and two years of experience. 8 NYCRR §§ 72.1(a), 72.2(a). In contrast, a licensed school psychologist only needs a master's degree in school psychology and two years of experience in a school setting. 8 NYCRR 802.3(e)(2). Thus, the regulations (both before and after March 27, 2017) recognize the comparatively limited scope of a school psychologist's expertise.  The Second Circuit has repeatedly affirmed the Commissioner in cases, like this one, where ALJs relied on opinions from psychologists in reaching the residual functional capacity finding. For instance, in McIntyre v. Colvin, 758 F.3d 146, 150 (2d Cir. 2014), the Court affirmed the Commissioner approvingly pointing out that the ALJ relied on the consultative psychologist's opinions regarding various work-related mental functions. And in Swiantek o/b/o M.L.S v. Comm'r of Soc. Sec., 588 F. App'x 82, 84 (2d Cir. 2015) (summary order), the Second Circuit approvingly noted, "[t]he ALJ in this case based his findings on the psychiatric evaluation of a consultative

3

> psychologist who personally examined MLS as well as MLS's complete medical history and treatment notes."

The Commissioner requests that the Court "grant his motion to alter or amend the judgment, vacate its order reversing and remanding for further proceedings, and grant the Commissioner's motion for judgment on the pleadings."

### GONZALEZ'S CONTENTIONS

Gonzalez argues that he supports, in part, and opposes, in part, the Commissioner's motion. Gonzalez asserts that

> Defendant correctly observed that "the current version of 20 C.F.R. § 404.1513, effective March 27, 2017, no longer defines an 'acceptable medical source.' Instead, the definition of an 'acceptable medical source' now appears in the current version of 20 C.F.R. § 404.1502(a). Under this regulation an 'acceptable medical source' is defined, in part, as a 'Licensed psychologist.' 20 C.F.R. § 1502(a)(2)." Dkt. No. 25 at 5-6. Plaintiff supports Defendant's contention and his interpretation of the Regulations and offers no opposition to Defendant's application in this regard.

However, Gonzalez contends that the Commissioner's motion for judgment on the pleadings should be denied.

> Plaintiff contended that the ALJ's residual functional capacity determination was not supported by substantial evidence because, after affording great weight to the opinion of consulting examiner, psychologist Dr. Phillips, the ALJ failed to reconcile Dr. Phillips's favorably weighed opinion with Gonzalez's residual functional capacity. Dkt. No. 18 at 10. The Court concluded that Plaintiff was "correct that the ALJ failed to explain why he rejected Dr. Phillips's marked limitation in his ability to deal with stress appropriately, while at the same time giving great weight to Dr. Phillips's opinion." Dkt. No. 22 at 10. Thus, the ALJ's failure to properly discuss and accommodate Plaintiff's stress was harmful error. The ALJ's failed to adequately account for Plaintiff's limitations related to stress in the hypothetical question he posed to the VE. See, McIntyre v. Colvin, 758 F.3d 146, 152 (2d Cir. 2014) (holding that an ALJ's hypothetical should explicitly incorporate any limitations in concentration, persistence, and pace); DeLeon v. Sec'y of Health and Human Servs., 734 F.2d 930, 936 (2d Cir.1984) (finding that, as a result of the ALJ's failure to present the full extent of the claimant's physical disabilities to a vocational consultant, the record provided no basis for drawing conclusions about whether the claimant's impairments rendered him disabled). Though, the VE was not asked to consider a hypothetical individual with

4

>impairments unique to Plaintiff's stress, he did opine that a person with the same age, education, and past work as Plaintiff, with the ALJ's established RFC, who were [sic] further unable to sustain focus on either simple and repetitive tasks for 20 percent of the workday due to his psychiatric symptoms would be unable to perform any full-time competitive work. T 52. Thus, this matter should be remanded for further administrative proceedings to include a de novo hearing that addresses solely whether Plaintiff's marked limitations related to stress are properly accounted for in a hypothetical question posed to the VE.  In the alternative, Plaintiff respectfully requests that this matter be remanded for further administrative proceedings, including a de novo hearing and new decision. Defendant's request that the Commissioner's motion for judgment on the pleadings should be denied.

Gonzalez also contends that the ALJ who heard his case was appointed unconstitutionally at the time of the hearing and the decision and should be prevented from further adjudication of the claim.

>The Court noted that the "defendant did not address [Plaintiff's] request that the matter be remanded to a different ALJ."  Dkt. No. 22 at 12.  Thus, Plaintiff's contention was unrebutted.  Further, the Court noted that it was not remanding on the merits of Plaintiff's Appointment Clause challenge.  Dkt. No. 22 at 12.  Thus, Plaintiff' respectfully requests that the Court consider the merits of Plaintiff's Appointment Clause challenge and that the Court remand the matter to a different, constitutionally appointed ALJ.  Dkt. No. 18 at 14. Defendant's request that the Commissioner's motion for judgment on the pleadings should be denied.

Gonzalez requests that the Court grant the motion to alter or amend the judgment, in part, and "grant remand on the merits of Plaintiff's first contention or, in the alternative, address the merits of Plaintiff's first and second contentions."

## LEGAL STANDARD

Local Civil Rule 6.3 of this court provides:

>Unless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has

overlooked. The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion. No oral argument shall be heard unless the Court directs that the matter shall be reargued orally. No affidavits shall be filed by any party unless directed by the Court.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

"It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998). Rather, "the standard for granting [a Rule 59 motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995).

Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012), as amended (July 13, 2012).

## APPLICATION OF LEGAL STANDARD

The Commissioner does not argue that the Court overlooked any matters, but argues that "the Court overlooked controlling regulations and case law permitting ALJs to rely on licensed psychologists in assessing residual function capacity." The Commissioner does not identify explicitly the "overlooked controlling regulations," but it appears that the Commissioner argues that the Court overlooked the definition of an "acceptable medical source" in 20 C.F.R. § 404.1502(a)(2). The Commissioner seeks only reconsideration of the Court's July 1, 2020 decision concerning Gonzalez's claim under SSA's Title II, not Gonzalez's claim under SSA's Title XVI, since the Commissioner's memorandum of law does not mention or make citation to Title XVI and it does not include any arguments based on Title XVI, including any argument that the Court overlooked any Title XVI regulation or related controlling decisions.

6

*Whether the Court Overlooked Title II Controlling Decisions*

Gonzalez filed, protectively, a Title II application on May 4, 2016, and a Title XVI application on May 12, 2016, and the ALJ denied Gonzalez's claims on June 14, 2018. The Commissioner concedes that, "as this Court acknowledged, the version of the regulation at issue, 20 C.F.R. § 404.1513, was in effect only through March 26, 2017," but asserts, without citation to any binding authority, that it "does not apply to the ALJ's decision in this case, which is dated June 4, 2018." The Commissioner also concedes that the 20 C.F.R. § 404.1527, effective August 24, 2012 to March 26, 2017, applies to Gonzalez's claim, because "certain regulations expressly state that they apply to claims (such as Plaintiff's) filed before March 27, 2017, see e.g., 20 C.F.R. § 404.1527," but asserts that "no such language appears in 20 C.F.R. § 404.1513." According to the Commissioner, although 20 C.F.R. § 404.1527, "Evaluating opinion evidence for claims filed before March 27, 2017," effective August 24, 2012 to March 26, 2017, applies to Gonzalez's claim under Title II filed on May 4, 2016, because it states explicitly: "For claims filed (see § 404.614) before March 27, 2017, the rules in this section apply," 20 C.F.R. § 404.1513, "Medical and other evidence of your impairment(s)," effective September 3, 2013 to March 26, 2017, does not apply; rather, definitions in 20 C.F.R. § 404.1502(a) effective March 27, 2017 apply, because 20 C.F.R. § 404.1513 effective March 27, 2017, no longer defines "acceptable medical source." However, the Commissioner failed to make citation to any binding authority in support of his arguments that SSA's Title II regulation: (a) 20 C.F.R. § 404.1513, effective September 3, 2013 to March 26, 2017, does not apply to Gonzalez's Title II claim filed on May 4, 2016 and denied on June 14, 2018; and (b) 20 C.F.R. § 404.1502(a) effective March 27, 2017, applies to Gonzalez's Title II claim filed on May 4, 2016 and denied on June 14, 2018. The Commissioner and Gonzalez both acknowledge that the Court noted in its July 1, 2020

7

decision the expiration date of the regulation the Court applied, March 26, 2017, and the parties do not assert that the Court overlooked the date of the ALJ's decision, June 14, 2018, which the Court explicitly noted in its July 1, 2020 order.  Thus, the Court was aware of the date of the ALJ's decision and the date on which the regulations the Court applied expired.  The Commissioner failed to show that the Court overlooked any Title II regulations or controlling decisions applicable to Gonzalez's Title II claim filed on May 4, 2016 and denied on June 14, 2018.  The Commissioner's argument that the Court applied the wrong Title II regulation, disguised as an argument that the Court overlooked the Title II regulation the Commissioner believes was applicable, is rejected because it is not a proper basis for the instant motion.  Local Civil Rule 6.3 is not a vehicle that can be used where, as here, the Commissioner disagrees with the Court's application of 20 C.F.R. § 404.1513.  Since the Commissioner failed to show that the Court overlooked any matter or controlling decisions, granting the motion to "alter or amend its Judgment in this case pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 6.3 of the United States District Courts for the Southern and Eastern District of New York" is not warranted.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to "alter or amend [the] Judgment in this case pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Rule 6.3 of the United States District Courts for the Southern and Eastern District of New York," Docket Entry No. 24, is denied.

Dated: New York, New York  
      September  3, 2020

SO ORDERED:

_Kevin Nathaniel Fox_  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE